UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOUZIA RETAMOZO ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21 CV 1652 |
| v. ) | |
| ) | District Judge Hon. Matthew F. Kennelly |
| ) | |
| U.S. BANCORP ) | Magistrate Judge Hon. Heather K. McShain |
| d/b/a U.S. BANK ) | |
| ) | |
| Defendant. ) | |
| ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff, Fouzia Retamozo, (RETAMOZO), by her attorneys, Gaffney & Gaffney P.C., for her First Amended Complaint against U.S. Bancorp d/b/a U.S. Bank (US BANK), states:

**COMMON ALLEGATIONS**

*1.* This action is brought pursuant to the *Americans with Disabilities Act of 1990, As Amended, 42 U.S.C. § 12101 et. seq., ("ADA") and* the *Family Medical Leave Act, 29 U.S.C. § 2601, et. seq.*, ("FMLA")

*2.* This Court has arising under jurisdiction pursuant to *28 U.S.C. § 1331 and 42 U.S.C. § 12117*.

*3.* Venue for this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to *28 USCS § 1391* as this claim arose in this judicial district and the Defendants transact business in this judicial district.

*4.* RETAMOZO is a citizen of the state of Illinois and a resident of the Glendale Heights, Illinois and a former employee of US BANK.

*5.* US BANK is a Delaware Corporation with its principal headquarters in Minneapolis, Minnesota.

1

6. RETAMOZO was an "employee" of US BANK as defined by the ADA. 42 U.S.C.S § 12111(4).

7. US BANK is an "employer" as defined by the ADA. 42 U.S.C.S. § 12111(5)(A).

8. RETAMOZO was first employed by US BANK in September 2017. RETAMOZO last worked as a full-time employee with the title of Branch Manager.

9. During RETAMOZO's tenure of employment at US BANK, she duly and adequately performed the duties and responsibilities of her position.

10. RETAMOZO's has a medical condition and medical history of a complex physiological condition which is a "disability" as defined by the ADA. *42 U.S.C.S. § 12102; 29 CFR §1630.2 (g),(h)(2)*.

11. During her employment at US BANK, RETAMOZO also had rights under the *Illinois Victims Economic and Security Safety Act* ("VESSA"). *820 ILCS 180/1 at sec*.

12. RETAMOZO's disability caused intermittent and reoccurring episodes with symptoms of fatigue, dysphoria, irritability, hyper-arousal, difficult to concentrate, anxiety, insomnia, edginess and lapses in memory.

13. RETAMOZO's disability substantially limited one or more major life activities. *29 CFR §1630.29(i),(j)*.

14. US BANK knew that RETAMOZO had a disability that substantially limited one or more major life activities. *29 CFR §1630.2(i)*.

15. US BANK knew that RETAMOZO had a record of a disabling impairment. *29 CFR §1630.2(k)*.

16. US BANK regarded RETAMOZO as having a disability that substantially limited her ability to perform major life activities. *29 CFR §1630.2(l)*.

17. At all times relevant, RETAMOZO was a "qualified individual with a disability" entitled to protection under the ADA.

18. Despite her disability, RETAMOZO was qualified to perform her job at U.S. BANK in that she had the skill, experience, education and other requirements for the job and could perform the job's essential functions, notwithstanding her disability as long as RETAMOZO received intermittent reasonable accommodations.

19. As a result of RETAMOZO's disability, RETAMOZO sought an FMLA approved medical leave of absence ending on or about December 1, 2018.

20. On or about April 18, 2019, RETAMOZO sustained a work-related injury which exacerbated her disability when an individual came into her work location and verbally threatened her stating that he would "return with a gun".

21. As a result of the aforesaid incident, RETAMOZO sought and received an approved temporary leave of absence as a result of the work related injury.

22. RETAMOZO returned from her second medical leave of absence on or about June 3, 2019 and at that time requested an accommodation of intermittent leave when her disability became symptomatic.

23. On July 18, 2019, US BANK demanded that RETAMOZO no longer request any additional accommodations or medical leaves.

24. On July 26, 2019, RETAMOZO, through her psychologist, submitted a workplace accommodation request for intermittent leave on an as needed basis because of her disability. 29 CFR §1630.2(o).

25. US BANK unlawfully rejected RETAMOZO's accommodation request.

26. As of August 2019, US BANK was motivated to force RETAMOZO's voluntary

3

termination or develop pretextual reasons to involuntary terminate RETAMOZO's employment because RETAMOZO had an underlying disability and had sought reasonable accommodations under the ADA.

27. During August and September, 2019, US BANK's management engaged in acts which purposely caused RETAMOZO stress and anxiety which exacerbated her medical condition and did so on the basis of unlawful disability discrimination and retaliation.

28. As a result of US BANK's discriminatory and retaliatory conduct, RETAMOZO went on a third unpaid leave of absence ending on or about December 28, 2019.

29. After RETAMOZO returned to work, US BANK's management continued to create a hostile work environment on the basis of disability discrimination and retaliation.

30. On January 17, 2020, RETAMOZO provided US BANK with a letter notifying US BANK of her rights under the *Americans with Disability Act* seeking intermittent leave for her medical condition and treatment.

31. On April 10, 2020, US BANK involuntarily terminated RETAMOZO's employment.

32. US BANK would have not terminated RETAMAZO's employment if she did not have a disability, but everything else had been the same.

33. RETAMOZO's disability was a motivating factor contributing to the decision of US BANK to terminate RETAMOZO's employment.

34. US BANK terminated RETAMOZO's employment because she had a disability and had made multiple requests for a reasonable accommodation.

35. The termination of RETAMOZO's employment constitutes an unlawful act of disability discrimination and retaliation in violation of the *Americans with Disabilities Act*.

## COUNT I- RETAMOZO'S FAILURE TO ACCOMMODATE CLAIM

Plaintiff, FOUZIA RETAMOZO (RETAMOZO) by her attorneys Gaffney & Gaffney, P.C. for her Count I Failure to Accommodate Claim, states:

1-35. Plaintiff incorporates here in ¶'s 1 through 35 of the common allegations as this Count I as it fully set forth herein, verbatim.

36. RETAMOZO had a disability as defined by the ADA.

37. RETAMOZO was qualified to perform her job.

38. RETAMOZO requested an accommodation.

39. U.S. BANK was aware of RETAMOZO's disability at the time Plaintiff made accommodation requests.

40. U.S. BANK failed to provide RETAMOZO with a reasonable accommodation.

41. As a direct and proximate result thereof, RETAMOZO has sustained damages.

42. RETAMOZO demands trial by jury on Count I.

WHEREFORE, Plaintiff prays that the Court grant judgment for RETAMOZO and award him all relief available under the ADA, including the following:

A. Lost income and benefits;

B. Compensatory damages for mental and emotional distress;

C. Pre-judgment and post-judgment interest;

D. Reasonable attorney's fees, costs and litigation expenses;

E. Punitive damages;

F. Such other legal and equitable relief pursuant to the provisions of the ADA.

## COUNT II - ADA RETALIATION

FOUZIA RETAMOZO (RETAMOZO), by her attorneys, Gaffney & Gaffney, P.C., for her Count II Claim for ADA Retaliation, states:

5

1-42. Plaintiff incorporates herein ¶'s 1 through 42 of Count I as ¶'s 1 through 42 of this Count II as it fully set forth herein verbatim.

43. The ADA prohibits retaliation against any individual "because such individual as opposed any act or practice made unlawful by this chapter…." *42 U.S.C.§ 122203*.

44. Courts in this Circuit, and others, accept a request for an accommodation as "statutorily protected activity" for the purpose of establishing a claim of retaliation under the ADA. See, *Sanchez v. City of Chicago, 2007 IL 647485*8 (N.D.I.L. February 28, 2007)*.

45. RETAMOZO engaged in statutorily protected activity by requesting reasonable accommodations under the ADA.

46. U.S. Bank subjected RETAMOZO to a hostile and offensive work environment and subjected her to adverse employment actions after she made accommodation requests.

47. A causal connection exists between RETAMOZO's statutorily protected activity and U.S. BANK's actions in subjecting RETAMOZO to a hostile and offensive work environment and adverse employment actions.

48. As a direct and approximate result thereof, RETAMOZO has sustained damages.

49. RETAMOZO demands trial by jury on Count II.

WHEREFORE, Plaintiff prays that the Court grant judgment for RETAMOZO and award him all relief available under the ADA, including the following:

    A. Lost income and benefits to date;

    B. Compensatory damages for mental and emotional distress;

    C. Pre-judgment and post-judgment interest;

    D. Reasonable attorney's fees, costs and litigation expenses;

    E. Punitive damages;

F.   Such other relief as this Court deems appropriate pursuant to the provision of the ADA.

## COUNT III - ADA HOSTILE WORK ENVIORNMENT AND DISPARATE TREATMENT CLAIM

Plaintiff, FOUZIA RETAMOZO (RETAMOZO) by her attorneys Gaffney & Gaffney, P.C. for her Count III ADA claim for her hostile work environment and disparate treatment claim, states:

1-49.  Plaintiff incorporates herein ¶'s 1 through 49 of Counts I and Count II as ¶'s 1 through 49 of this Count III as it fully set forth herein verbatim.

50. During 2019 and 2020, US BANK created a hostile and offensive work environment for RETAMOZO on the basis of disability discrimination and retaliation which negatively impacted RETAMOZO's terms and conditions of employment and caused her damages. *42 USC §12112(a); Ford v. Marion County Sheriff's Office, 942 F.3d 839 (7th Cir. 2019).*

51.   The hostile and offensive work environment US BANK created for RETAMOZO was sufficiently severe or pervasive to alter the conditions of her employment and created an abusive working environment.

52. On April 10, 2020, US BANK terminated RETAMOZO on the basis of disability discrimination and retaliation in violation of the Americans with Disabilities Act.

53.   Other similarly situated US BANK employees were not subjected to a hostile work environment and terminated for reasons like or similar to the reasons given for RETAZAMO's treatment and termination.

54.   In terminating RETAZAMO, US BANK failed and refused to abide by its own progressive disciplinary policy.

7

55. US BANK terminated RETAZAMO for reasons other than her job performance.

56. US BANK's reason for terminating RETAZAMO was pretextual in nature so as to hide the true unlawful motive.

57. US BANK would not have terminated RETAMOZO if she was not disabled and everything else had been the same.

58. US BANK would not have terminated RETAMOZO if it did not perceive RETAMOZO to be disabled and everything else had been the same.

59. RETAMOZO's disability was a substantial motivating factor in US BANK'S decision to terminate RETAMOZO.

60. US BANK'S perception of RETAMOZO being disabled was a substantial motivating factor in its decision to terminate RETAMOZO.

61. The termination of RETAMOZO's employment constitutes an unlawful act of disability discrimination and retaliation in violation of the Americans with Disabilities Act.

62. As a direct and proximate cause of the U.S. BANK'S acts and omissions alleged herein, RETAMOZO has lost wages, fringe benefits, and earning capacity. Such conduct also caused emotional and psychological harm.

63. RETAMOZO has exhausted all of her required administrative responsibilities under the ADA. On August 6, 2020, RETAMOZO timely filed a Discrimination Charge with the Illinois Department of Human Rights which was cross filed with the Equal Employment Opportunity Commission, ("EEOC") on the basis of disability. A copy thereof is attached as Exhibit A. On January 29, 2021, the EEOC issued to RETAMOZO, a Notice of Right to Sue within ninety (90) days. A copy thereof is attached as Exhibit B.

64. As a direct and proximate cause of U.S. Bank's unlawful discrimination on the

basis of disability in violation of the Americans with Disabilities Act, RETAMOZO has sustained damages.

65. RETAMOZO seeks trial by jury on Count III.

WHEREFORE, Plaintiff prays that the Court grant judgment for RETAMOZO and award him all relief available under the ADA, including the following:

A. Lost income and benefits to date;

B. Compensatory damages for mental and emotional distress;

C. Pre-judgment and post-judgment interest;

D. Reasonable attorney's fees, costs and litigation expenses;

E. Punitive damages;

F. Such other relief as this Court deems appropriate pursuant to the provisions of the ADA.

## COUNT IV- FMLA INTERFERENCE AND RETALIATION

FOUZIA RETAMOZO (RETAMOZO), by her attorneys, Gaffney & Gaffney, P.C., for her Count IV Claim for FMLA Interference and Retaliation, states:

66 - 97. Plaintiff incorporates here in ¶'s 1 through 31 of the common allegations as ¶s 66 - 97 of this Count IV as if fully set forth herein, verbatim.

98. US BANK employed fifty (50) or more employees in twenty (20) or more calendar weeks within a seventy-five (75) mile radius of RETAMOZO's work location and at all relevant, was subject to the requirements of the FMLA.

99. At all times relevant to this cause of action, US BANK was an "employer" within the meaning of the FMLA. *29 U.S.C. §2611(4)(a)(1).*

100. At all relevant times, RETAZAMO was an "eligible employee" of US BANK under the FMLA. *29 U.S.C. §2611 (2)(A)*

101. US BANK interfered with RETAZAMO's rights under the FMLA by terminating her employment so as to prevent RETAZAMO from attaining and using FMLA privileges. *29 U.S.C. §2615 (a)(1)*.

102. US BANK discriminated against RETAZAMO in violation of the FMLA when it discharged RETAZAMO because RETAZAMO had taken FMLA leave and opposed US BANK's refusal to consider her request for future FMLA leave on an intermittent basis. *29 U.S.C. §2615(a)(2)*.

103. US BANK violated the FMLA when it discharged RETAZAMO's employment because RETAZAMO had made an inquiry at US BANK regarding future FMLA leave on an intermittent basis. *29 U.S.C. §2615 (b)*.

104. US BANK's violations of the FMLA were deliberate and willful.

105. As a proximate result of US BANK's FMLA violations, RETAZAMO has suffered and will continue to suffer damages.

106. RETAZAMO demands trial by jury on Count IV.

WHEREFORE, RETAZAMO seeks the following relief:

A. Reinstate Plaintiff to the same or equivalent position as he had before he was terminated and grant Plaintiff a judgment in such sum as this Court may deem equitable and just for back-pay, back benefits, front pay and benefits, compensatory damages, and interest;

B. Grant Plaintiff a judgment in such sum as this Court may deem equitable and just for liquidated damages;

C. Award Plaintiff reasonable attorneys' fees and costs; and

D. For such other and further relief as this Honorable Court deems equitable and just as available pursuant to the FMLA.

/s/Glenn R. Gaffney
Glenn R. Gaffney
Attorney for Plaintiff

Glenn R. Gaffney (No. 6180598)
Justin R. Gaffney (No. 6281428)
Gaffney & Gaffney P.C.
1771 Bloomingdale Road,
Glendale Heights, IL 60139
(630) 462-1200x4
glenn@gaffneylawpc.com
jgaffneylaw@gmail.com

# EXHIBIT A

Aug. 6. 2020 1:14PM    2IM0806.05    No. 8962  P. 3

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | [ ] FEPA<br>[X] EEOC | 2021CF1089 |

**Illinois Department of Human Rights** and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Fouzia Retamozo | (312) 391-3222 | NA |

| Street Address | City, State and ZIP Code |
|---|---|
| 1512 Club Drive, Glendale Heights, Il. 60139 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | |
|---|---|---|
| U.S. Bank N.A. | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 6301 South Cass Ave., Westmont, IL 60559 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                Latest
                    04/10/2020
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Statement of Harm:

**Particulars Attached as Exhibit A**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>8/6/2020  *[signature]*<br>Date  Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>*[signature]*<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

RECEIVED BY
HD USPS FX MM

20 AUG -6 PM 2:28

DEPT. OF HUMAN RTS
INTAKE UNIT



EXHIBIT A

## EXHIBIT A – CHARGE PARTICULARS

### COUNT I

**ISSUE: EMPLOYMENT TERMINATION & FAILURE TO PROPERLY ENGAGE IN A PROPER IHRA/ADA INTERACTIVE PROCESS PLUS WORPLACE HOSTILITY IMPACTING THE TERMS AND CONDITIONS OF MY EMPLOYMENT**

**BASIS: DISABILITY DISCRIMINATION**

1. I was first employed by Respondent on or about September 11, 2017 as the Branch Manager of Respondent's Glenview, Illinois location.

2. At all times, I duly and adequately performed the duties and responsibilities of my position.

3. I am a victim of sexual violence.

4. I have a complex physiological disability. As a result of the history of sexual violence and the disability, I am a protected person under the Victims' Economic Security and Safety Act ("VESSA"). 820 ILCS 180/1-999.

5. VESSA also provides relief for employees with family members, including daughters, who are victims of domestic, sexual, or gender violence. 820 ILCS 180/10(12).

6. My daughter was also a victim of sexual violence.

7. My disability intermittently reoccurs causing conditions such as fatigue, dysphoria, irritability, hyperarousal, difficulty concentrating, anxiety, insomnia, being on edge, and lapses in memory.

8. On or about September 17, 2017, I emailed Respondent's Human Resources department a letter from Rape Victims Advocates located at 180 N Michigan Ave. Ste 600, Chicago, Illinois 60601. The letter confirmed the treatment sought with them and explained my rights under VESSA.

9. As a result of my underlying disability and pursuant to VESSA, I took unpaid leave from October 10, 2018 until December 21, 2018.

10. On or about April 18, 2019, I sustained a work-related injury which exacerbated my medical conditions when an individual came into Respondent's Glenview, Illinois location, verbally assaulted and threatened me, stating that he would return with a gun.

11. Because of this incident, I contacted my psychologist for an emergency session, as I was feeling extremely anxious, was unable to sleep for several nights, and was having difficulty functioning at work.

12. I sustained a severe reaction to the violence threat and as a result my Doctor recommended that I be granted a medical leave from work.

13. When I returned to work on June 3, 2020, I requested certain reasonable accommodations.

14. On July 18, 2020 Respondent demanded that I take no more medical leave referring only to the FMLA but not the ADA, IHRA or VESSA. obtain a disability accommodation from my Doctor.

15. On July 26, 2019, my Doctor provided Respondent with identified workplace accommodation requests

16. Despite my physician's note explaining my condition and the need for a reasonable accommodation, Respondent instructed me to provide a statement in addition to that of my Doctor who was a licensed PSYD and who provided his Illinois license number with the detailed accommodation request. Respondent did not seek the advice of any medical professional in making this demand and merely demanded more information to make me quit or give up on my accommodation requests.

17. By not believing my Doctor or me and by requiring me to continually explain my condition and effects arising therefrom claiming that the Bank needed more information without a proper basis, Respondent unlawfully discriminated against me as a result of my disability by attempting to make me quit or give up on my legal rights under the ADA/IHRA and VESSA.

18. In August 2019, I was, again, forced to plead with Respondent to accommodate my underlying condition. Respondent's conduct made my medical condition worse, causing me harm under the ADA/IHRA and VESSA.

19. Only after I sought went back to my doctor for more advice, did Respondent acknowledge and partially approve my reasonable accommodation requests. This was an added expense that I should not have had to incur and creates a claim for reimbursement under the above referenced laws.

20. Respondent further discriminated and retaliated by having its management attack me with comments and statements now claiming the I had performance issues. Respondent opened a workplace attack to make me quit, cause me stress/anxiety and build a case that I was a poor performer so as to find a pretexual reason to fire me. Respondent elicited the assistance of my management, the HR department and even others in my Branch to accomplish its unlawful motive.

21. Because of my underlying conditions and the added stress/anxiety caused by Respondent's unlawful conduct, I took an unpaid leave from October 1, 2019 through December 28, 2019. This unpaid leave was caused by Respondent's unlawful conduct.
22. After I returned from leave, the discrimination and retaliation continued.

23. On January 17, 2020, I provided Respondent with another letter confirming my legal rights to intermittent leave, as required, under VESSA, the ADA and IHRA.

24. On April 10, 2020, Respondent terminated my employment based on discrimination and retaliation.

25. As a direct and proximate result thereof, I have sustained damages.

## COUNT II

### ISSUE: EMPLOYMENT TERMINATION & WORKPLACE HOSTILITY IMPACTING THE TERMS AND CONDITIONS OF MY EMPLOYMENT

### BASIS: RETALIATION

1-25. I incorporate herein the allegations of Count I as if fully set forth herein, verbatim.

26. Respondent retaliated against me in multiple ways as set forth above because I requested reasonable accommodations and all of those acts caused both psychological and economic harm.

27. On April 10, 2020, Respondent terminated my employment as an act of unlawful retaliation.

28. As a direct and proximate result thereof, I have sustained damages.

## DECLARATION

*I certify under penalty of perjury under the laws of the United States of America that the foregoing it true and correct.*

Executed this 6th day of August, 2020.

_____
Fouzia Retamozo

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**



UJCK Federal Building
230 S. Dearborn
Suite 1866 (Enforcement, State and Local & Hearings)
Suite 2920 (Legal & ADR)
Chicago, IL 60604
Chicago Direct Dial: (312) 872-9777
Enforcement/File Disclosure Fax: (312) 588-1260
Website www.eeoc.gov

IMPORTANT NOTICE. PLEASE READ CAREFULLY. KEEP THIS NOTICE WITH YOUR OTHER RECORDS OF THIS CHARGE. THIS MAY BE THE ONLY NOTIFICATION FROM EEOC.

IDHR CHARGE NUMBER:  2021CF0089  FOUZIA RETAMOZO

# EEOC NOTICE OF CHARGE FILED

You are filing a charge of employment discrimination with the Illinois Department of Human Rights (IDHR).

As a result of an agreement between the Illinois Department of Human Rights (IDHR) and the U. S. Equal Employment Opportunity Commission (EEOC), the EEOC will also have a record of IDHR's charge of discrimination.

You are encouraged to cooperate with IDHR in the investigation of your charge. The final findings and orders of that agency may be adopted by the EEOC.

IDHR will process your charge. Under section 1601.76 of EEOC's regulations, you are entitled to request that EEOC review IDHR's investigation and findings. To obtain this review, you must request it by writing to this office within 15 days of your receipt of IDHR's final findings of your case. If we do not receive such a request for a review, EEOC will likely accept IDHR's findings without any review or any other processing by EEOC.

EEOC regulations require that you notify us of any change in address and keep us informed of any prolonged absence from your current address. Your cooperation in this matter is essential.

PLEASE NOTE: BUILDING SECURITY PROCEDURES PRESENTLY IN PLACE DO NOT PERMIT ACCESS TO EEOC WITHOUT AN APPOINTMENT. IF AN APPOINTMENT IS REQUIRED, CALL (312) 869-8000 OR 1-800-669-4000.

EEOC NOTICE

# EXHIBIT B

EEOC Form 161-B (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Fouzia Retamozo<br>c/o Glenn Gaffney<br>Gaffney & Gaffney, PC<br>1771 Bloomingdale Road<br>Glendale Heights, IL 60138 | From: | Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2020-01637 | Daniel Lim,<br>State & Local Coordinator | (312) 872-9669 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]   More than 180 days have passed since the filing of this charge.

[X]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman*/jwa     1/29/2021

Enclosures(s)        **Julianne Bowman,**        *(Date Issued)*
               **District Director**

CC:

US BANK, NA
c/o Chief Executive Officer
6301 S. Cass Avenue
Westmont, IL 60559



EXHIBIT B