UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
Eastern Division

Fouszia Retamozo
      Plaintiff,

v.              Case No.: 1:21−cv−01652
              Honorable Matthew F. Kennelly

U.S. Bancorp
      Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, August 8, 2022:

  MINUTE entry before the Honorable Matthew F. Kennelly: The Court has reviewed the documents withheld as privilege via the defendant's privilege log. As noted by the defendant, some of the documents the Court has reviewed have already been produced in redacted format. The Court has concluded that additional portions of some of the documents must be produced because the claim of privilege is not properly supported. There are two key points the Court makes at the outset. (1) Defendant&#0;39;s status report notes that some of the HR/Employee Relations/EEO personnel who were authors and/or recipients of the communications in question have law degrees. But there is no indication that they were working as attorneys in connection with the matters at issue and, more importantly, no indication that they were being consulted as attorneys for the purpose of obtaining legal advice. (2) The fact that a communication (an e−mail, for example) sent to a non−attorney is cc'd to an attorney does not make the communication privileged. The communication must be made to obtain (or, in some instances, to render) legal advice. Certain of the withheld communications that must be produced – in particular, those in PRIV 11, 12, 13, 14, 15, 16, and 17 – were communications with HR or ER personnel who were not acting as attorneys or being consulted as attorneys, that happened also to be cc'd to an attorney. That does not make them privileged. None of the communications that the Court is ordering to be produced is a communication with or by an attorney to obtain legal advice; this is clear from the context and content of the communications. The following items must be produced by defendant. (a) PRIV 1 – the Kulovitz e−mail sent on 5/9/2019 at 1:48 PM. (b) PRIV 11 – the two e−mails that were previously withheld (Kulovitz 8/7/2019 at 12:21 PM; Vincelli 8/7/2019 at 12:26:50 PM). (c) PRIV 12 – the four e−mails that were previously withheld (Kulovitz 8/7/2019 at 12:21 PM; Vincelli 8/7/2019 at 12:27 PM; Vincelli 8/16/2019 at 12:59 PM; Kulovitz 8/16/2019 at 2:48:39 PM). (d) PRIV 13 – the four e−mails that were previously withheld (Kulovitz 8/7/2019 at 12:21 PM; Vincelli 8/7/2019 at 12:27 PM; Vincelli 8/16/2019 at 12:59 PM; Vincelli 8/19/2019 at 4:26:18 PM). (e) PRIV 14 – the eight e−mails that were previously withheld in whole or in part (Kulovitz 8/7/2019 at 12:21 PM; Vincelli 8/7/2019 at 12:27 PM; Vincelli 8/16/2019 at 12:59 PM; Vincelli 8/19/2019 at 4:26 PM; Kulovitz 8/20/2019 at 3:45 PM; Vincelli 8/20/2019 at 4:01 PM; Kulovitz 8/20/2019 at 4:29 PM; Vincelli 8/21/2019 at 6:39:42 AM). (f) PRIV 15 – the entire document. (g) PRIV 16 – the two e−mails that were previously withheld (Vincelli 4/6/2020 at 10:45 AM; Brooks−Lipor

4/6/2020 at 10:26:40 AM). (h) PRIV 17 – the five e–mails that were previously withheld (Vincelli 4/6/2020 at 10:45 AM; Brooks–Lipor 4/6/2020 at 10:27 AM; Vincelli 4/6/2020 at 11:31 AM; Brooks–Lipor 4/6/2020 at 1:04 PM; Brooks–Lipor 4/7/2020 at 11:57:02 AM). These materials are to be produced by no later than the close of business on 8/9/2020. The Court declines to award any fees or costs in connection with the motion to compel. (mk)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.