**UNITED STATES DISTRICT COURT**
**FOR THE  NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **FOUZIA RETAMOZO** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 21 CV 1652** |
| | ) | |
| **U.S. BANCORP** | ) | |
| **d/b/a   U.S. BANK** | ) | **District Judge Hon. Matthew F. Kennelly** |
| | ) | |
| | ) | **Magistrate Judge Hon. Heather K. McShain** |
| **Defendant.** | ) | |
| | ) | |

## PLAINTIFF'S MEMORANDUM FILED IN REPLY TO DEFENDANT'S RESPONSE ON PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S AFTER-ACQUIRED EVIDENCE DOCTRINE AFFIRMATIVE DEFENSE

Plaintiff, Fouzia Retamozo, by her attorneys, Gaffney & Gaffney, P.C., for her Reply Memorandum Filed in Reply to Defendant's Response on Plaintiff's Cross-Motion for Summary Judgment on Defendant's Affirmative Defense Under the After-Acquired Evidence Doctrine, states:

Defendant's Response to Plaintiff's Rule 56.1(b)(3) statement admits that "Defendant has not identified any witness that would testify in support of Defendant's Affirmative Defenses in any of Defendant's Rule 26 Disclosures and no deposed witness has provided testimony supporting Defendant's Affirmative Defenses with the possible exception of Plaintiff."  (D#86, page 39 ¶117, page ID #3504).

In support of its Motion for Summary Judgement and in Response to Plaintiff's Cross-Motion for Summary Judgment, Defendant solely relies upon the Declaration of Gregory Cromwell dated September 7, 2022 (Defendant's Exhibit 47, document #74-48). There,

Cromwell admits that he "retired from U.S. Bank on August 6, 2020, and that "at the time of my retirement, my position was District Manager" (Cromwell Declaration ¶2)(Doc#74-48, page 2, page ID#1996). Cromwell also acknowledges that Retamozo reported to him "until early 2019, when U.S. Bank realigned its districts and the bank branches therein" (Id, ¶7). Over a year after Cromwell's retirement, U.S. Bank, received documents from 21st Century Financial Services on or about September 22, 2021 as set forth within Defendant's filed certification of records of regularly conducted activity (Defendant's Exhibit 43, D#74-44). Thus, Cromwell's declaration does not support the After Acquired Evidence Affirmative Defense which poses the question of what Defendant would have done with Plaintiff's employment if she was still working when it received the subpoenaed records from 21st Century Financial Services on or about September 22, 2021. Cromwell was not the right person to say what Defendant would have done and he wasn't even working for U.S. Bank at the time the evidence was uncovered.

Defendant's Response states that the After-Acquired Evidence Doctrine "inherently calls for hypothesizing" citing to the case of *Fayyaz v. UHS of Hartgrove, Inc*., 2022 WL 991894, at *11 (N.D. Ill. Mar.31, 2022). That statement was taken out of context because in the *Fayyaz* case, the court stated that "the relevant standard is not whether further evidence of employee wrongdoing actually lead to Fayyaz's termination - by definition it did not- instead, UHS need only show the evidence "would have lead to [Fayyaz's] discharge." Additionally, Fayyaz's resume omissions and inaccuracies was insufficient to establish the defense because despite employer's contention that it would have fired Fayyaz for that reason, there was no evidence that the employer had fired employees that had misrepresentations on their employment application in analogous situations. *Fayyaz*, at *12. Here, the Cromwell Declaration does nothing to support U.S. Bank's position that it would have fired Retamozo. Cromwell himself was retired and all he does is opine that

he "would have sought to terminate her employment". U.S. Bank has no evidence factually supporting how Cromwell would have sought her termination and if he had, what would have happened with his "recommendation".

A defendant bears the burden of proving an affirmative defense. *Ford Motor Co. v. EEOC,* 458 U.S. 219, 231–32, 102 S.Ct. 3057, 3065, 73 L.Ed.2d 721 (1982). In *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the United States Supreme Court recognized that a party moving for summary judgment could meet its initial burden of production by " 'pointing out to the * * * court * * * that there is an absence of evidence to support the nonmoving party's case.' " *Celotex, 477 U.S. at 325, 106 S.Ct. 2548.* The nonmoving party must then "come forward with specific facts showing that there is a genuine issue for trial." *LaRiviere v. Bd. of Trs. of S. Ill. Univ.*, 926 F.3d 356, 359 (7th Cir. 2019). To satisfy that burden, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), and instead must "establish some genuine issue for trial such that a reasonable jury could return a verdict in her favor," *United States v. King-Vassel*, 728 F.3d 707, 711 (7th Cir. 2013); *Thermoflex Waukegan, LLC v. Mitsui Sumitomo Ins. USA, Inc.,*, 21 C 788, 2022 WL 954603, at *2 (N.D. Ill. Mar. 30, 2022). Here, it is clear from defendant's admission that it has no supporting evidence to its affirmative defense. (D#86, page 39 ¶117, page ID #3504).

Defendant next relies upon the case of *Davis v. Government Employee Insurance Company a/k/a with GEICO*, 2021 WL 3492983 (S.D. Ind. Aug. 9, 2021). That case actually supports Plaintiff's position and not that of Defendants. Defendant relies upon Cromwell's opinion given at ¶6 of his Declaration asserting that if he had known that Retamozo lied on her job application

about her forced resignation with her previous employer or committed expense fraud at 21st

Century Financial Services, LLC, he would not have hired Retamozo (Defendant's Exhibit 47

¶6). Plaintiff's Motion for Summary Judgment previously explained that Cromwell's opinion in

¶6 claiming that he would not have hired Retamozo is not relevant to the After-Acquired

Evidence Affirmative Defense because it only applies to a limitation of backpay damages from

the date the employer learned of the asserted misconduct and has nothing to do with theh initial

hiring decision. The *Davis* case Defendant relies upon confirms Plaintiff's position where it

states "an employer may be found liable for employment discrimination, but if the employer later

- typically in discovery - turns up evidence of employee wrong doing which would have lead to

the employee's discharge, the employee's right to backpay is limited to the period before the

discovery of this after-acquired evidence." *Davis*, at *9, citing, *Sheehan v. Donalen Corp*., 173

F.3d 1039, 1047 (7th Cir. 1999). *Davis* also cites to the 7th Circuit's decision in *Sheehan* for the

proposition that the inquiry focuses on the employer's actual employment practices, not just the

standards established in its employee manuals, and reflects a recognition that employers often

say that they will discharge employees for certain misconduct while in practice they do not."

*Sheehan* at 1048. Defendant has no authority supporting its claim that the Doctrine's legal

standard could include a defense that "we would not have hired you in the first place" which

would effectively eliminate all back pay damages despite Defendant's liability on the underlying

claim.

It is the employer and not the employee that has the ultimate burden to show by a

preponderance of evidence that "that the after-acquired evidence would have led to her

termination." Id at 1047-1048. Here, Defendant has no such evidence. In *Davis*, the plaintiff was

terminated by Sales Director Benquetta Williams. *Davis*, at *1. Williams, the same actual

termination decision maker, provided the affidavit in support of Defendant's after-acquired evidence defense attesting that she would have terminated Ms. Davis had she known of Ms. Davis's misrepresentations within her job application. *Davis*, at *3. Here, Cromwell's declaration does not suffice to shift the burden of proof from Defendant to Plaintiff because the assertion that he "would not have hired Retamozo" is not applicable to any of the elements of this defense and Defendant has cited to no case suggesting otherwise. Furthermore, as Defendant has acknowledged within its admission to Plaintiff's Fact Statement #117 that Defendant has not identified any witness that would testify in support of Defendant's Affirmative Defenses.

Defendant asserts that Plaintiff was aware of Cromwell, identified Cromwell as a potential witness within Plaintiff's Rule 26(a)(1) Disclosures (Defendant Exhibit 1&2) (D#88-2 and 88-3, page 9, page ID#3559). That true. Plaintiff identified Cromwell as a witness for the following topics:

"I. Gregory Cromwell, Plaintiff's Manager

Witness will testify to Plaintiff's job performance, history of discipline, Plaintiff's FMLA request and leaves of absence, Plaintiff's request for accommodations, Plaintiff's April 2019 work related injury, Plaintiff's FMLA usage, rights and responsibilities, knowledge of Plaintiff's medical condition and accommodation request, correspondence and communications with Plaintiff and with Plaintiff's medical providers, knowledge of Plaintiff's disability, knowledge of Defendant's policies including the progressive disciplinary policy, code of conduct, accommodation policy, FMLA policy, leave of absence policy, work related injury policy and how those policies were effectuated as to Plaintiff as compared to other employees. Knowledge that Plaintiff was negatively treated regarding the terms and conditions of her employment and Plaintiff's complaint pertaining thereto. Knowledge of facts and circumstances surrounding

Plaintiff's termination and how that termination was effectuated in a manner inconsistent with established policies, procedures and protocols. Witness also has knowledge regarding Plaintiff's employment compensation, benefits and the value of lost benefits after her employment termination." (Defendant's Exhibit 2, D#88-3, p 9, page ID# 3559).

However, Cromwell was not and is not a witness on Defendant's affirmative defense as he wasn't even employed when the subpoenaed records came to the attention of Defendant's counsel. Defendant and not Plaintiff should have disclosed Cromwell as an opinion witness under Rule 26 (a)(2)(A)&(C). He wasn't even disclosed under Rule 26(a)(1).

Cromwell was deposed in March of 2022. However, there was no reason to ask Cromwell about what U.S. Bank would have done once it received the subpoenaed records in September 2021 as Defendant did not identify Cromwell or anyone else as a witness in support of its affirmative defenses and the After-Acquired Evidence Doctrine applies to information learned during discovery which, if known at the time the new information was received, would have induced the employer to terminate the employee and Cromwell was no longer Retamozo's manager since early 2019 and retired in August, 2020. (See, Defendant's Exhibit 47, D#74-48, Cromwell Declaration ¶2 &7). Cromwell's Declaration is dated September 7, 2022, after his March 24, 2022 deposition which Plaintiff saw for the first time when filed on September 14, 2022 as part of Plaintiff's Summary Judgment Motion. Furthermore, since Defendant has the burden of proof on its defenses, it, and not Plaintiff had the initial duty and burden to present evidence in support of its affirmative defense.

Defendant had ample opportunity to supplement its Rule 26 Disclosures to identify additional documents or witnesses that would testify for Defendant on this after-acquired evidence defense but did not do so. Defendant knew when it filed its amended affirmative

defense on the after acquired evidence issue (DK #4 ) that it had the burden of proof on that issue and it had a Rule 26 and a Rule 37 obligation to support that defense. Rule 26(e) requires a party to *timely* supplement its initial disclosures and discovery responses when it learns of new information or information that renders an earlier response inaccurate" or incomplete. Fed. R. Civ. P. 26(e)(1)(A); *Sys. Dev. Integration, LLC v. Comput. Scis. Corp.*, No. 09-CV-4008, 2012 WL 2953063, at *2 (N.D. Ill. July 19, 2012) (emphasis in original). Whether a party timely produces information depends on when the party first learned of the information. *Simo Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, 354 F. Supp. 3d 508, 510 (S.D.N.Y. 2019). As such, the producing party bears the burden of showing that the production at issue was timely. *Id.*; *Civix-DDI, LLC v. Hotels.com, L.P.*, No. 05 C 06869, 2011 WL 181342, at *3 (N.D. Ill. Jan. 19, 2011) (finding the defendants' identification of a prior art system untimely where the defendants "offer[ed] no creditable reason why they failed to discover and disclose" the prior art system until more than nine months after fact discovery closed). *Medline Indus., Inc. v. C.R. Bard, Inc.,* 17 C 7216, 2021 WL 809734, at *3 (N.D. Ill. Mar. 3, 2021). Additionally, an unfavorable evidentiary presumption arises if a party, without reasonable excuse, fails to produce evidence which is under its control. *Wachovia Sec., LLC v. Neuhauser,* 528 F. Supp. 2d 834, 855 (N.D. Ill. 2007).

Rule 37(c) provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). Under Rule 37(c)(1), "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either

justified or harmless." *Westefer v. Snyder,* 422 F.3d 570, 584 n. 21 (7th Cir.2005)

(quoting *Salqado v. Gen. Motors Corp. .,* 150 F.3d 735, 742 (7th Cir.1998)). *Civix-DDI, LLC v.*

*Hotels.com, L.P.,* 05 C 06869, 2011 WL 181342, at *1 (N.D. Ill. Jan. 19, 2011). Here,

Defendant must show that its violation is substantially justified or harmless to avoid sanctions

under Rule 37(c)(1). Fed. R. Civ. P. 37(c)(1); *David v. Caterpillar, Inc.*, 324 F.3d 851, 856–57

(7th Cir.2003); *S.E.C. v. The Nutmeg Grp., LLC*, No. 09 C 1775, 2017 WL 4925503, at *6 (N.D. I

ll. Oct. 31, 2017).

Thus, under the *Celotex* standard, summary judgment should enter in favor of Plaintiff on

Defendant's after-acquired evidence affirmative defense for its failure to produce during

discovery or now present any evidence supporting the requisite elements of the after acquired

evidence affirmative defense. Discovery is closed and the Parties have exchanged motions for

summary judgement. Therefore, Plaintiff respectfully requests that this Court enter summary

judgment in favor of Plaintiff and against Defendant on Defendant's Affirmative Defense

Number 5 based upon the after-acquired evidence doctrine.

Respectfully Submitted,

*/s/ Glenn R. Gaffney*
Glenn R. Gaffney
Attorney for Plaintiff


Gaffney & Gaffney, P.C. (#6180598)
1771 Bloomingdale Road
Glendale Heights, IL 60139
(630) 462-1200 x4
glenn@gaffneylawpc.com

## <u>NOTICE OF FILING/ CERTIFICATE OF SERVICE</u>

Glenn R. Gaffney, attorney for Plaintiff,  certifies that on December 17, 2022, he caused a copy of this document to be filed within the  Court's CM/ECF Filing System and thereby served upon all attorneys of record.

<u>*/s/ Glenn R. Gaffney*</u>
Attorney for Plaintiff

Glenn R. Gaffney (#6180598)
Gaffney & Gaffney P.C.
1771 Bloomingdale Rd.
Glendale Heights, Il 60139
630 462 1200 x 4
glenn@gaffneylawpc.com